NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1439
_____

UNITED STATES OF AMERICA

v.

ANTHONY MUNCHAK,
a/k/a A.J. Munchak,
*Appellant*

_____

No. 12-1557
_____

UNITED STATES OF AMERICA

v.

ROBERT CORDARO,
a/k/a Bobby Cordaro,
*Appellant*

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-10-cr-00075)
District Judge:  Honorable A. Richard Caputo
_____

Argued May 15, 2013

Before:  SLOVITER, FUENTES, and ROTH, Circuit Judges

(Filed: May 31, 2013)

_____

O P I N I O N
_____

Bruce Brandler        (Argued)
Office of United States Attorney
Harrisburg, PA 17108-0000

Lorna N. Graham
William S. Houser
Office of United States Attorney
Scranton, PA 18503-0000

Lisa A. Mathewson    (Argued)
Philadelphia, PA 19109
        for Appellant Munchak

Christopher T. Powell
Powell, Powell & Powell
Scranton, PA 18503-0000
        for Appellant Munchak

Peter Goldberger      (Argued)
Ardmore, PA 19003
        for Appellant Cordaro

SLOVITER, Circuit Judge.

Anthony Munchak and Robert Cordaro appeal several aspects of their trial and sentencing. We will affirm Munchak and Cordaro's convictions and the application of a

sentencing enhancement, but will remand for the District Court to determine the proper amount of restitution due under the offense of conviction.[1]

## I.

Munchak and Cordaro were elected as Lackawanna County commissioners. Munchak served as a commissioner from January 2004 until June 2011. Cordaro served as a commissioner from January 2000 until December 2007. As commissioners, Munchak and Cordaro selected bidding proposals for county contracts. The Government alleged that they abused this power for financial gain by demanding cash payments of thousands of dollars from firms and contractors who had or wished to receive Lackawanna County contracts. Those who paid Munchak and Cordaro were allowed to keep their contracts or were given new contracts or beneficial positions. In June 2011, after a ten-day trial, a jury convicted Munchak and Cordaro of conspiracy to commit bribery, bribery, conspiracy to commit extortion under color of right, extortion under color of right, filing false tax returns, and income tax evasion. Cordaro was additionally convicted of conspiracy to commit money laundering, money laundering, conspiracy to commit racketeering, racketeering, and conspiracy to defraud the United States. On January 30, 2012, Munchak was sentenced to eighty-four months imprisonment, three years supervised release, and ordered to pay a fine of $5,000. On the same day, Cordaro was sentenced to 132 months imprisonment, three years supervised release, and ordered to pay restitution of $98,856, and to forfeit $355,000.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

II.

Munchak raises the following issues on appeal: (1) the District Court erred in instructing the jury that it could convict him pursuant to 18 U.S.C. § 1951 (1994) ("the Hobbs Act") if he received payment because of his status as a public official rather than in exchange for official action; (2) the District Court erred when it instructed the jury that it could convict him under the Hobbs Act absent an explicit quid pro quo; (3) the District Court erred when it instructed the jury that it could convict him of bribery under 18 U.S.C. § 666 (1994) absent a quid pro quo; (4) he is entitled to a new trial on all counts because of prejudicial spillover[2]; and (5) the District Court erred in applying a sentencing enhancement for obstruction of justice. We do not find Munchak's arguments persuasive and affirm the District Court on these issues.

A. *Hobbs Act: Status as a Public Official*

Munchak states that the District Court's jury instructions allowed the jury to improperly convict him of extortion under color of right pursuant to the Hobbs Act. As Munchak did not object to the jury instructions below, we review for plain error. *See United States v. Dobson*, 419 F.3d 231, 236 (3d Cir. 2005). An error is plain if it is "clear" or "obvious" under current law and affects substantial rights. *United States v. Olano*, 507 U.S. 725, 734 (1993). An error affects substantial rights if it "affected the outcome of the district court proceedings." *Id.* The burden is on Munchak to show that the error affects substantial rights. *See id.* Additionally, an appellate court should not exercise its discretion to correct an error "unless the error seriously affect[s] the fairness,

---

[2]  Cordaro joins Munchak's arguments on issues one, two, three, and four.

integrity or public reputation of judicial proceedings." *Id.* at 732 (internal quotation marks and citations omitted) (alterations in original).

Under the Hobbs Act, a public official is guilty of extortion if he "receives a payment in return for his agreement to perform specific official acts." *Evans v. United States*, 504 U.S. 255, 268 (1992). While the official acts do not have to be completed, the Government needs to show that "a public official has obtained a payment to which he was not entitled, knowing that the payment was made in return for official acts." *Id.*

Here, the District Court instructed: "The extorsion [sic] under color of official right means that the public official induced, obtained, accepted or agreed to accept a payment to which he or she was not entitled knowing that the payment was made in return for taking or withholding or influencing official acts." 3 JA 934. The Court later stated:

> The government is not required to prove an explicit promise to perform the official acts in return for payment. Passive acceptance of a benefit by a public official is a sufficient basis for this type of extorsion [sic] if the official knows that he is being offered the payment in exchange for his ability to do official acts.

3 JA 934-35.

Munchak focuses on the words "his ability to do official acts" to assert that the jury instructions allowed the jury to convict him for receiving payment because of his mere status as a public official rather than in exchange for official acts. Munchak alleges that the instructions improperly omitted the quid pro quo requirement stated in *Evans*.

Jury instructions must be read as a whole. *See United States v. Coyle*, 63 F.3d 1239, 1245 (3d Cir. 1995). These jury instructions, read as a whole, properly convey the

5

quid pro quo requirement. The District Court unequivocally stated that payment must be received "in return for" official acts. 3 JA 934. Munchak cannot focus solely on the "ability to" language, in a section of the instructions referring to a separate issue.[3] The District Court did not clearly err.[4]

B. *Bribery Absent a Quid Pro Quo*

Munchak states that the District Court erred in its jury instructions regarding the bribery charge against Munchak, brought under 18 U.S.C. § 666. Munchak did not object to this instruction before the District Court, and we review it for plain error. *See Dobson*, 419 F.3d at 236.

The District Court instructed the jury that it could convict under this statute if the jury found that Munchak accepted payment "with the intent to be influenced or rewarded." 3 JA 931. Munchak states this is error because while "influence" refers to bribery, the "reward" language refers to acceptance of gratuities. As Munchak was charged with bribery under § 666, the Court's instructions should not have included the "reward" language. Under plain error review, however, we see no reason to resolve this issue. Even if the District Court erred, Munchak has not demonstrated that the error substantially affected his rights. Munchak points to no evidence offered at trial that

---

[3] The section of the instructions including the "ability to" language refers to the inducement issue resolved in *Evans*: The government need not prove that Munchak induced payment with anything other than his governmental authority. *See Evans*, 504 U.S. at 268.

[4] Munchak states that the District Court plainly erred in not requiring an explicit quid pro quo exchange under the Hobbs Act. Munchak concedes that this argument is foreclosed by existing Third Circuit precedent. Munchak Br. at 22; *see United States v. Bradley*, 173 F.3d 225, 231-32 (3d Cir. 1999). We see no need to disturb this precedent.

allowed the jury to convict him on a gratuity, rather than a bribery, theory.  Witnesses

from Highland testified that they paid Munchak, not as a reward for past actions, but

because they did not want to lose future contracts, wanted to ensure they were paid the

money that was still owed to them for current contracts, and did not want issues to arise

on current projects.  Munchak has the burden of showing that any alleged error

substantially affected his rights, that is, affected the outcome of the District Court

proceedings.  *See Olano*, 507 U.S. at 734.  He has not met this burden.[5]

*C.  Sentencing Enhancement*

Munchak argues that the District Court erred in applying a sentencing

enhancement for obstruction of justice.  "We review the District Court's application of

the [Sentencing] Guidelines to facts for abuse of discretion."  *United States v. Tupone*,

442 F.3d 145, 149 (3d Cir. 2006).

The District Court applied a sentencing enhancement for obstruction of justice

under § 3C1.1 of the Sentencing Guidelines.  This enhancement applies if

> (1) the defendant willfully obstructed or impeded, or attempted to obstruct or
> impede, the administration of justice with respect to the investigation, prosecution,
> or sentencing of the instant offense of conviction, and (2) the obstructive conduct
> related to (A) the defendant's offense of conviction and any relevant conduct, or
> (B) a closely related offense . . . .

U.S.S.G. § 3C1.1.  Application Note 3 to this section states:  "Obstructive conduct can

vary widely in nature, degree of planning, and seriousness."  Application Note 4(A) states

---

[5]  Munchak states that if we require reversal on the extortion and bribery counts, we
should reverse on the tax counts as well, because of prejudicial spillover.  Because we
will not reverse on the extortion and bribery counts, we need not address the prejudicial
spillover issue.

7

that obstruction can include "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so." In applying the enhancement, the Court found that Munchak had tried to unlawfully influence three witnesses by speaking to them about events related to the case. Munchak states that this application of the enhancement imposes a strict liability rule against a defendant speaking to potential witnesses about the case. However, as the District Court explained during sentencing, it took issue with Munchak speaking to witnesses and stating or implying, sometimes heatedly, that their recollections of events connected to the case were wrong. The Court did not abuse its discretion in applying the enhancement.

## III.

Cordaro raises his own issues on appeal. He states that (1) three of the conspiracy counts in the indictment failed to allege essential elements[6]; (2) the Government improperly cross-examined Cordaro on Cordaro's opinion of whether other witnesses were lying; (3) the District Court abused its discretion in excluding the testimony of three defense witnesses on hearsay grounds; and (4) the District Court erred in imposing restitution. We will affirm the District Court on the first three issues and remand for the Court to reconsider the amount of restitution owed.

### A. *Failure to Allege Essential Elements in the Indictment*

Cordaro argues that the Second Superceding Indictment ("SSI") charging him with three conspiracy offenses did not allege essential elements of the offenses. Specifically,

---

[6] Munchak joins Cordaro's arguments on this issue.

8

Count 13, charging him with conspiracy to commit theft or bribery, did not state the applicable mens rea; Count 19, charging him with conspiracy to commit extortion under color of right, omitted the jurisdictional element; and Count 25, charging him with conspiracy to commit money laundering, omitted the applicable mens rea and the jurisdictional element.

Cordaro did not challenge the sufficiency of the SSI before the District Court. Therefore, "we construe the factual allegations in the indictment liberally. That is because indictments which are tardily challenged are liberally constructed in favor of validity." *United States v. Vitillo*, 490 F.3d 314, 324 (3d Cir. 2007) (internal quotation marks and citations omitted). The indictment has to be "so defective that it does not, by any reasonable construction, charge an offense." *Id.* (internal quotation marks and citations omitted).

An indictment charging a conspiracy offense does not have to plead all of the elements of the underlying substantive offense. *See United States v. Werme*, 939 F.2d 108, 112 (3d Cir. 1991). To be legally sufficient, a conspiracy count in an indictment need only set forth "the agreement and specific intent to commit an unlawful act, and when required by statute, an overt act." *United States v. Wander,* 601 F.2d 1251, 1259 (3d Cir. 1979). Here, all three conspiracy counts alleged the agreement, the intent to commit an unlawful act, and when necessary, overt acts. Therefore, the SSI alleged the necessary elements of the conspiracy counts.

B. *Improper Cross-Examination*

Cordaro states that the Government improperly questioned him about whether multiple witnesses were lying. The Government asked Cordaro about the veracity of eleven witnesses. As Cordaro did not object below, we review for plain error. *See Vitillo*, 490 F.3d at 325.

Asking a defendant whether other witnesses are lying is improper. *See United States v. Harris*, 471 F.3d 507, 511 (3d Cir. 2006) (reasoning that "[s]uch questions invade the province of the jury and force a witness to testify as to something he cannot know, i.e., whether another is intentionally seeking to mislead the tribunal"). "However, despite their disapproval, courts of appeals generally have not reversed a conviction solely because such questions were posed unless opposing counsel specifically objected to them." *Id*. Here, there was no objection, and the error is not prejudicial.

C. *Exclusion of Witness Testimony*

Cordaro also argues that the District Court erred in excluding the testimony of three defense witnesses on hearsay grounds. We review evidentiary rulings for an abuse of discretion. *See Becker v. ARCO Chemical Co.*, 207 F.3d 176, 180 (3d Cir. 2000).

We do not decide whether the Court abused its discretion in excluding the testimony. Even if the Court erred, the error was harmless. An evidentiary error is harmless if it is "highly probable that the error did not affect the result." *Hill v. Reederei F. Laeisz G.M.B.H., Rostock*, 435 F.3d 404, 420 (3d Cir. 2006). Here, the error was harmless in light of the strength of the Government's case, including the number of witnesses who testified to giving illegal payments to Cordaro, the fact that Hughes made multiple payments of $10,000 to Cordaro, and that the testimony of the three witnesses,

10

even when combined, does not account for the vast expenditures made by Cordaro during the relevant time period.

*D. Restitution*

Cordaro states that the District Court should not have imposed restitution at all in this case, and that even if the Court could impose restitution, the amount of restitution it imposed is in excess of the loss occasioned by the offense of conviction. The Court ordered Cordaro to pay $98,856 in restitution in connection with Count 33, conspiracy to defraud the United States in relation to income taxes, brought under 18 U.S.C. § 371 (1994). "While we exercise plenary review over whether an award of restitution is permitted under law, we review specific awards of restitution for abuse of discretion." *United States v. Crandon*, 173 F.3d 122, 125 (3d Cir. 1999).

Title 18 allows a court to impose restitution for convictions of offenses "under this title," that is, under Title 18. *See* 18 U.S.C. § 3663(a)(1)(A) (2008) & 18 U.S.C. § 3663A (2012). Here, restitution was imposed for an offense of conviction under Title 18. However, Cordaro states that because restitution is not permissible for tax offenses under Title 26, it should not be permissible for tax conspiracy offenses, even if the offenses come under Title 18. This court has recognized that "[r]estitution is authorized [] for violations of Title 18." *United States v. W. Indies Transp., Inc.*, 127 F.3d 299, 315 (3d Cir. 1997). Other courts have allowed restitution for tax conspiracy offenses brought under Title 18. *See United States v. Minneman*, 143 F.3d 274, 284 (7th Cir. 1998); *United States v. Helmsley*, 941 F.2d 71, 101 (2d Cir. 1991). Cordaro cites *United States v. Nolen*, 472 F.3d 362 (5th Cir. 2006) in support of his argument. However, in *Nolen*,

11

the defendant was convicted under Title 26 and not Title 18. *See id.* at 367. Therefore, the Fifth Circuit properly held that restitution was not permissible in that case. *See id.* at 382. We hold that because Cordaro was convicted of an offense under Title 18, the District Court did not err in imposing restitution.

Cordaro further states that the District Court abused its discretion by imposing restitution beyond the amount of loss occasioned by the conspiracy offense. "[T]he loss caused by the conduct underlying the offense of conviction establishes the outer limits of a restitution order." *Hughey v. United States*, 495 U.S. 411, 420 (1990). We have recognized that restitution cannot be imposed for conduct outside of the offense of conviction, "even when committed during the course of or in furtherance of the same fraudulent scheme." *United States v. Akande*, 200 F.3d 136, 143 (3d Cir. 1999) (internal quotation marks and citations omitted).

The District Court ordered Cordaro to pay $98,856 in restitution pursuant to his conviction under Count 33. Count 33 states that Cordaro, between approximately January 2005 and January 2008, "conspired and agreed" with others "to defraud the United States by impeding, impairing, obstructing and defeating the lawful government functions of the Internal Revenue Service (IRS) of the Treasury Department in the ascertainment, computation, assessment and collection of income taxes." 2 JA 106. To establish conspiracy to defraud the United States under 18 U.S.C. § 371, the Government must prove: "(1) an agreement to defraud the United States; (2) an overt act by one of the conspirators in furtherance of the conspiracy; and (3) an intent on the part of the conspirators to agree as well as to defraud the United States." *United States v. Root*, 585

12

F.3d 145, 157 (3d Cir. 2009). Here, the Government calculated the restitution amount of $98,856 by adding the illegal payments Cordaro received between January 2005 and January 2008 and determining how much Cordaro owed the IRS in taxes on those payments. Within this period, Cordaro received illegal payments from four individuals and entities: Highland, Hughes, Acker Associates, and Mark Boriosi. Cordaro states there is no evidence that these four individuals and entities conspired with Cordaro to evade taxes, as is required to impose restitution under the offense of conviction (conspiracy to defraud). There is some evidence that Acker Associates and Hughes were involved in this conspiracy, as Acker Associates filed false tax returns and listed Hughes as a consultant on the tax returns, pursuant to the scheme to illegally pay Cordaro. However, there is no evidence on the record before us to show that Highland and Boriosi had the necessary intent to enter into this conspiracy and had agreed to defraud the United States. If there is no evidence that Highland and Boriosi were part of the conspiracy alleged in Count 33, restitution cannot be imposed based on their payments to Cordaro, as these payments do not fall under the offense of conviction. We remand this issue to the District Court to make the proper restitution determination.

IV

For the reasons above, we affirm Munchak and Cordaro's convictions and the application of a sentencing enhancement, but remand for the District Court to determine the amount of restitution that should be imposed under Count 33.

13